96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Doreen BROWN, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 96-1127.
 United States Court of Appeals, Seventh Circuit.
 Argued July 9, 1996.
Decided Aug. 26, 1996.
 
 Before CUMMINGS, Circuit Judge, and KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Doreen Brown appeals the district court's order affirming the decision of the Commissioner denying her claim for Supplemental Security Income disability benefits. 42 U.S.C. §§ 1381-1383d. On May 9, 1989, Brown applied for benefits, claiming that she suffered from severe obesity, back and hand disorders, and a mental condition. Her application was denied initially and upon reconsideration. Brown requested a hearing on the denial of her benefits. On August 28, 1990, following a hearing, an administrative law judge ("ALJ") concluded that Brown was not eligible for disability benefits. On June 3, 1991, the Appeals Council granted Brown's request for review and remanded the case to the ALJ for further proceedings. The Council stated that the record was unclear regarding the severity of the claimant's impairments and that the ALJ should obtain an additional medical assessment of Brown's condition. On October 18, 1991, the ALJ, after obtaining an additional medical assessment, held another hearing. On April 8, 1992, the ALJ determined that Brown was not disabled. The ALJ concluded that Brown did not have an impairment that met or was equal to an impairment listed in the regulations, which would automatically make Brown eligible for disability benefits, and also found that Brown was capable of performing sedentary work. The Appeals Council denied Brown's request for review and thus the ALJ's decision became the final decision of the Council. 20 C.F.R. § 416.1481.[1] Brown then brought a civil action in the district court for review of the agency's action. 42 U.S.C. § 405(g). Following each party's filing of a motion for summary judgment, a magistrate judge recommended that the district court grant Brown's motion and find that she was entitled to benefits. The district judge rejected the magistrate's recommendation and granted the Commissioner's summary judgment motion. Brown now appeals the district court's order. She claims that the ALJ erred when he found that she did not meet or medically equal the requirements of the disability listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, § 10.10 (1992), which requires a claimant to show that her weight is greater than that specified for a given height and demonstrate a "[h]istory of pain and limitation of motion in any weight-bearing joint or spine associated with x-ray evidence of arthritis in a weight bearing joint or spine." She also claims that the ALJ erred when, having concluded that she did not meet a listed disability requirement (whereby she would automatically be classified as being disabled), he found that she had the residual functional capacity ("RFC") to perform sedentary work and was therefore not entitled to disability benefits.
 
 
 2
 We briefly review the evidence in the record. Brown testified at the hearing in front of the ALJ that she has constant pain and has difficulty standing and walking. She also testified that she has trouble lifting anything. Evidence in the record shows that Brown's weight ranged from about 320 pounds to over 350 pounds. The record also contained the results of medical evidence of Brown's condition. An x-ray of Brown's lumbar vertebrae on May 22, 1987, showed no abnormality;[2] an x-ray on September 16, 1987, showed mild degenerative changes in the lower vertebrae; an x-ray on February 1, 1988, showed no arthritis but revealed a congenital fusion of the sacrum.[3] Dr. Visaya, a physician who treated Brown, concluded that the February 1 x-rays showed a congenital abnormality but that "the lumbar spine as such [was] normal." In September 1989, Brown underwent an electromyogram which showed that there was evidence of L5-S1 radiculopathy.[4] However, the physician's report noted that the test was suboptimal because of Brown's weight and ankle edema and that, therefore, further study was needed. Dr. Bhatti, from whom Brown sought treatment for leg and back pain, opined that Brown met the requirements for a disability based upon obesity plus pain and x-ray evidence of arthritis in a weight bearing joint or spine. He also noted that even if Brown's condition did not meet this requirement that her condition was equivalent to it.
 
 
 3
 In order to be disabled and qualify for benefits, a person must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment has been defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(C). Under the authority delegated to it, the Social Security Administration has developed a five-part test to determine whether a claimant qualifies for disability benefits. First, if the Commissioner determines that the claimant is employed doing substantial gainful activity, then benefits will be denied. 20 C.F.R. § 416.920(b). If, however, the claimant is not employed, step two requires the Commissioner to inquire whether the claimant has a severe impairment. 20 C.F.R. § 416.920(c). If the answer is no, then benefits will be denied, but if the answer is yes, then the Commissioner must proceed to step three. At step three, the Commissioner asks whether the claimant's impairment meets or equals one listed in the regulations. 20 C.F.R. § 416.920(d). If the answer is yes, the claimant will be deemed disabled and entitled to benefits. If the answer is no, the claimant will not automatically be entitled to benefits, but nevertheless may qualify based upon the outcome of steps four and five. At step four the Commissioner determines whether the claimant can perform her past work. 20 C.F.R. § 416.920(e). An affirmative answer will result in a denial of benefits, while a negative answer requires performing step five. At step five, the Commissioner asks whether the claimant can perform other work, with a no answer resulting in a finding of disability and a yes answer resulting in a finding of no disability. 20 C.F.R. § 416.920(f); Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993).
 
 
 4
 Brown argues that the Commissioner erred in finding that she was not disabled at step three. In the alternative Brown argues that even if the Commissioner properly found her not to be disabled at step three, the Commissioner erred in finding, at step five, that she had the residual functional capacity to perform sedentary work and was, therefore, not disabled. We conclude that the ALJ was correct in his step three conclusion. However, we find that the ALJ's step five conclusion was not supported by substantial evidence. Therefore, we remand for further proceedings.
 
 
 5
 We examine the ALJ's step three analysis first. Brown claims that the evidence in the record compels the conclusion that her condition was medically equivalent to the disorder listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 10.10A (1992). (There have been changes made to this listing since 1992 and it has been recodified as listing 9.09A. These changes do not affect our analysis, however, and, therefore, we will refer to the 1992 codification that was in place at the time of the ALJ's ruling.) This listing requires that the claimant weigh more than a certain amount given her height and have a "[h]istory of pain and limitation of motion in any weight-bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in a weight bearing joint or spine." Id. The parties agree that Brown met the weight requirement. In addition, Brown concedes that she did not proffer x-ray evidence of arthritis. She argues, however, that Dr. Bhatti's opinion, the evidence of L5-S1 radiculopathy and Dr. Visaya's finding of fusion in the sacrum processes were equivalent to x-ray evidence of arthritis.
 
 
 6
 We must uphold the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); Scott v. Sullivan, 898 F.2d 519, 522 (7th Cir.1990). The decision as to whether a claimant's condition is equivalent to a listed impairment must be based on "medical findings ... supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.926(b). In addition, "[t]he ALJ must minimally articulate his reasons for crediting or rejecting evidence of a disability." Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir.1992). He need not, however, provide a written evaluation of every piece of evidence. Pope, 998 F.2d at 481.
 
 
 7
 There was substantial evidence to support the ALJ's step three finding. Dr. Bhatti's opinion that Brown met and equaled the listed requirement was supported by no medical evidence or explanation. Brown points out that the ALJ only mentioned Dr. Bhatti's opinion regarding Brown's meeting the listing and not his opinion regarding equivalency. However, in that Dr. Bhatti indicated that Brown met the listed requirement even though there was no x-ray evidence as required by the listing, the ALJ was justified in rejecting Dr. Bhatti's opinion entirely. Moreover, Dr. Bhatti submitted a form that indicated that the physician making the evaluation should only indicate whether the claimant's condition is equivalent to the listed impairment if he finds that she does not meet the listing. Because Dr. Bhatti found that she did meet the listing, his answers are internally inconsistent and there was no need for the ALJ to evaluate each of his responses individually. It was similarly within the ALJ's discretion to not accept the evidence of radiculopathy. The summary of the test results that showed this condition indicated that the test was suboptimal and that further study was needed. In that the responsibility for determining whether a given condition is medically equivalent to a listed impairment rests with the ALJ, 20 C.F.R. § 926a(c), he had the authority to reject test results that indicated a lack of reliability. As far as the evidence of fusion of the sacrum is concerned, even though the ALJ did not discuss Dr. Visaya's report on this condition, a remand on this issue is not in order since there is no evidence from which a reasonable trier of fact could conclude that this evidence showed that Brown had a condition that was equivalent to arthritis. See Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir.1996). Dr. Visaya concluded that Brown had no pathology of the lumbar spine. Moreover, he did not equate Brown's disorder of the sacrum, which he characterized as congenital, with arthritis. Therefore, there was no evidence from which one could conclude that this report was evidence of a condition equivalent to arthritis.
 
 
 8
 We now examine the ALJ's step five analysis. At this stage, the burden was on the Commissioner to show that Brown was capable of being employed. Pope, 998 F.2d at 477. Here, the ALJ concluded that Brown had the RFC to perform sedentary work, which involves primarily sitting and some walking and standing, and requires lifting no more than ten pounds at a time. 20 C.F.R. 416.967(a). RFC refers to what a claimant is capable of doing despite her impairments. 20 C.F.R. § 416.945(a).
 
 
 9
 Brown claims that the ALJ erred in rejecting evidence, based upon her own statements and those of her examining physician, Dr. Burton Friedman, that she had great difficulty sitting, standing, walking and handling objects. These are basically complaints about pain and other symptomatic discomfort. The regulations mandate the consideration of the claimant's pain on her RFC. 20 C.F.R. § 416.9290(d)(4). In order for the ALJ to find that pain affects one's ability to work, the claimant must show that she has a medically determinable impairment. 20 C.F.R. § 416.929(b). Once it is established that one has a condition that can reasonably be expected to result in pain, the intensity of the claimant's pain must be evaluated. Although any objective medical evidence in the record must be considered, the claimant need not support her claim regarding the severity of pain with objective medical findings. 20 C.F.R. § 416.929(c)(2); Pope, 998 F.2d at 482. Moreover, Social Security Ruling 95-5p requires that "in all cases in which pain or other symptoms are alleged, the determination or decision rationale [regarding RFC] must contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations."[5]
 
 
 10
 In the instant case, the ALJ stated that Brown's testimony that pain (and other symptoms such as shortness of breath) limited her ability to perform sedentary work was not reasonably related to objective clinical findings and her own comments to treating and consultative sources. The ALJ did not, however, make a finding that Brown's condition, namely her obesity and related problems, could not reasonably cause her pain. In addition, although the ALJ was required to consider the objective medical evidence in the record with respect to the intensity of Brown's pain, his rejection of Brown's claims on this point merely because the objective evidence was not related to her subjective complaints is inconsistent with the statement in 20 C.F.R. § 416.929(c)(2) that a claimant need not support her assertions regarding the intensity of her pain with objective evidence. On remand, therefore, the ALJ should first determine whether Brown's condition is one that could reasonably cause pain and/or the other symptoms. 20 C.F.R. § 416.929(b). If he answers this question in the affirmative, then he should consider whether Brown's pain and other symptoms are of such intensity that she does not have the RFC to perform sedentary work. 20 C.F.R. § 416.929(c) and (d)(4). In evaluating the intensity of Brown's pain, the ALJ should be attuned to the dictates of 20 C.F.R. § 416.929(c)(2), which requires the consideration of objective medical evidence to the degree it is available, but states that the claimant need not substantiate her allegations with such evidence.
 
 
 11
 In addition to her physical condition, Brown claims that she is disabled by a mental condition. Although Brown submitted evidence that she received treatment for depression and anxiety, she presented no evidence that her mental condition was in any way disabling. See 416.905(a) ("To meet [the] definition [of disability a claimant] must have a severe impairment that makes [her] unable to do [her] previous work or any other substantial gainful activity which exists in the national economy."). Therefore, Brown has not shown evidence of a mental condition that warrants a finding of disability.
 
 
 12
 For the reasons stated, the order of the district court granting the Commissioner's motion for summary judgment is REVERSED and the case is REMANDED to the Commissioner for proceedings consistent with this order.
 
 
 
 *
 Pursuant to Federal Rule of Appellate Procedure 43(c) and Pub.L. No. 103-296, Shirley S. Chater, Commissioner of Social Security, is substituted as the named defendant-appellee for Donna Shalala, Secretary of Health and Human Services
 
 
 [1]
 Technically we are reviewing the district court's affirmance of the Agency's position. However, for the sake of clarity, we will discuss the case as though we were reviewing the ALJ's decision
 
 
 [2]
 The lumbar refers to the five vertebrae above the sacrum. RICHARD SLOANE, THE SLOAN-DORLAND ANNOTATED MEDICAL LEGAL DICTIONARY 773 (1987)
 
 
 [3]
 The sacrum is the triangular bone just below the lumbar vertebrae. SLOAN, supra note 2, at 624
 
 
 [4]
 Radiculopathy is a disease of the nerve roots. SLOAN, supra note 2, at 601
 
 
 [5]
 Social Security rulings are binding on all components of the Social Security Administration. 20 C.F.R. § 422.406(b)(1). Even though this ruling was promulgated after Brown's hearing, we conclude that it applies retroactively and therefore take account of it in evaluating the ALJ's decision. The ruling itself states that it is clarifying longstanding Administration policy. Social Security Ruling 95-5. A rule that clarifies existing policy, as opposed to establishing new standards, applies retroactively. Pope, 998 F.2d at 483. We give great weight to the Administration's characterization of the rule. Id. Here, an examination of Ruling 95-5 in light of the codified regulations, leads us to conclude that the agency's classification of this rule as being a clarification is warranted